# UNITED STATES DISTRICT COURT

Eastern District of New York

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| v. | ) | |
| JASON TUITE | ) | Case Number: 11-CR-394 |
| | ) | USM Number: 79123-053 |
| | ) | Len H. Kamdang, Esq. |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)    1, 2, 3, 4 of indictment

☐ pleaded nolo contendere to count(s)
    which was accepted by the court.

☐ was found guilty on count(s)
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| see page 2 | | | |

The defendant is sentenced as provided in pages 2 through    7    of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)     ☐ is    ☐ are   dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

5/23/2012
Date of Imposition of Judgment

**S/ Dora L. Irizarry**

Signature of Judge

Dora L. Irizarry       U.S. District Judge
Name of Judge              Title of Judge

Date   June 20, 2012

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) | Distribution of Child Pornography, Class C Felonies | 12/20/2012 | 1, 2, 3 |
| 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2) | Possession of child pornography, a Class C Felony | 4/4/2011 | 4 |

DEFENDANT: JASON TUITE
CASE NUMBER: 11-CR-394

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

Counts 1, 2, and 3: One hundred twenty (120) months;
Count 4: Sixty (60) months.
All terms of imprisonment are imposed to run concurrently.

☑ The court makes the following recommendations to the Bureau of Prisons:

Participation in the sex offender treatment program available in North Carolina; alternatively, participation in any available treatment for sex offenders.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____
a _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: JASON TUITE  
CASE NUMBER: 11-CR-394

Judgment—Page 4 of 7

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

Counts 1-4: Ten (10) years (all terms to run concurrently).

     The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☒   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☐   The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☒   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐   The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

     If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

     The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

   or if such prior notification is not possible, then within forty eight hours after such change;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: JASON TUITE
CASE NUMBER: 11-CR-394

Judgment—Page 5 of 7

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in a mental health treatment program, which may include participation in a treatment program for sexual disorders, as approved by the U.S. Probation Department. The defendant shall contribute to the cost of such services rendered and/or any psychotropic medications prescribed to the degree he is reasonably able, and shall cooperate in securing any applicable third-party payment. The defendant shall disclose all financial information and documents to the Probation Department to assess his or her ability to pay. As part of the treatment program for sexual disorders, the defendant shall participate in polygraph examinations to obtain information necessary for risk management and correctional treatment;

2. The defendant will not associate with any child(ren) under the age of 18, unless a responsible adult is present and he has prior approval from the U.S. Probation Department;

3. The defendant shall comply with the sex offender registration requirements mandated by law;

4. The defendant shall not access any website that permits persons under eighteen years of age to be registered users for the purpose of establishing personal relationships with other users; allow minors to post profiles that provide information about themselves; or allows for direct or real time communication with other users, without the permission of the Probation Department;

5. The defendant shall submit his person, residence, place of business, vehicle or any other premises under his control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of release may be found. The search must also be conducted in a reasonable manner and at a reasonable time; failure to submit to a search may be grounds for revocation, and the defendant shall inform any other resident that the premises may be subject to search pursuant to this condition;

6. The defendant is not to use a computer, Internet-capable device, or similar electronic device to access pornography of any kind. The term "pornography" shall include images or videos of adults or minors engaged in "sexually explicit conduct" as that term is defined in Title 18, United States Code, Section 2256(2). The defendant shall also not use a computer, Internet-capable device, or similar electronic device to view images of naked children. The defendant shall not use his or her computer to view pornography or images of naked children stored on related computer media, such as CD's or DVD's, and shall not communicate via his or her computer with any individual or group who/that supports the sexual abuse of children;

7. The defendant shall cooperate with the Probation Department's Computer and Internet Monitoring program. Cooperation shall include, but not be limited to, identifying computer systems, Internet-capable devices, and/or similar electronic devices the defendant has access to, and allowing the installation of monitoring software/hardware on said devices, at the defendant's expense. The defendant shall inform all parties who access a monitored computer or similar electronic device that the device is subject to search and monitoring. The defendant may be limited to possessing only one personal Internet-capable device to facilitate the Probation Department's ability to effectively monitor his or her Internet related activities. The defendant shall also permit random examinations of said computer systems, Internet-capable devices, similar electronic devices, and related computer media, such as CD's under his or her control. The defendant is prohibited from sending/receiving text (SMS - short messaging service), images, video, or audio (MMS - multimedia messaging service) via a cellular telephone or other capable device as directed by the Probation Department. The defendant is required to notify his or her mobile telephone provider to prevent his or her account from sending/receiving SMS and MMS, and to provide documentation to the Probation Department as proof of this requirement;

8. The defendant shall not possess a firearm, ammunition, or destructive device.

DEFENDANT: JASON TUITE
CASE NUMBER: 11-CR-394

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ 400.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the ☐ fine ☐ restitution.

    ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: JASON TUITE
CASE NUMBER: 11-CR-394

Judgment — Page 7 of 7

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☑ Lump sum payment of $ 400.00 due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

B  ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
    See attached order.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

SLR:LDM:TYH
F#: 2009R00190

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ MAY 29 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,

    -against-

JASON TUITE,
    also known as "Jason Tyson"
    and "Bryan Tyson."

          Defendant.

- - - - - - - - - - - - - - - - - X

PRELIMINARY
ORDER OF FORFEITURE

11-CR-0394 (DLI)

WHEREAS, on or about November 8, 2011, the defendant, JASON TUITE, entered a plea of guilty to Counts One through Four of the above-captioned Indictment charging violations of 18 U.S.C §§ 2252(a)(2) and 2252(b)(1) and 18 U.S.C §§ 2252(a)(4)(B) and 2252(b)(2);

WHEREAS, the defendant consents to the forfeiture of one Compaq laptop computer Serial # CNF033FBGP (the "Seized Property"), pursuant to 18 U.S.C. § 2253, as (a) any visual depiction described in 18 U.S.C. §§ 2251, 2251A, 2252, 2252A, 2252B or 2260, and any book, magazine, periodical, film, videotape, or other matter produced, transported, mailed, shipped and received in violation of the offenses charged; (b) any property, real and personal, constituting or traceable to gross profits and other proceeds obtained from such offenses; and/or (c) any property, real and personal, used or intended to be used to commit or to promote the

2

commission of said offenses or property traceable to such property, as well as all substitute assets, pursuant to 21 U.S.C. § 853(p) and 18 U.S.C. § 2253(b);

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, by and between the United States and the defendant as follows:

1. Pursuant to 18 U.S.C. § 2253, the defendant hereby forfeits to the United States any right, title, and interest that he may have in the Seized Property.

2. The defendant shall not assert any claim or assist any other person to assert any claim to the Seized Property in any administrative or judicial proceeding. If the Seized Property, or any portion thereof, is not forfeited to the United States, the United States may seek to enforce this Order against any other assets of the defendant up to the value of the Seized Property not forfeited, pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law. The defendant shall execute any and all documents necessary to effectuate the surrender and forfeiture of the Seized Property.

3. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and properties forfeited hereunder. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, and

waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the *Ex Post Facto* clause of the Constitution, the statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

4. The forfeiture of the Seized Property shall not be considered a payment of a fine or restitution.

5. Upon entry of this Order, the United States Attorney General or his designee is authorized to seize the Seized Property, to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

6. The United States Attorney's Office shall publish notice of this Order and notice of the government's intent to dispose of the subject assets in such a manner as the Attorney General or his designee may direct. Such publication shall occur on the government website www.forfeiture.gov, in accordance with the custom and practice in this district. As a substitute for published notice, the United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Seized Property.

*U.S. v. Jason Tuite; 11-CR-0394 (DLI); Preliminary Order of Forfeiture*

7. Within thirty days of the final publication of notice or receipt of notice, whichever is earlier, any person, other than the defendant, asserting a legal interest in the Seized Property, must petition the court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the property and amend the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to notice of the forfeiture of the Seized Property must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, and/or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

8. The United States shall have clear title to the Seized Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

9. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Order shall become final as to the defendant at the time of sentencing and shall be made part of the defendant's sentence and included in his judgment of conviction. If no third party files a timely claim, this Order, together with Supplemental Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as

provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the Seized Property shall be forfeited to the United States for disposition in accordance with law.

10. This Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

11. This Order shall be final and binding only upon the Court's "so ordering" of the order.

12. The Court shall retain jurisdiction of this action to ensure compliance with the terms of this Order.

13. The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this Order to the United States Attorney's Office, Eastern District of New York, ATTN: Anthony Lauro, FSA Paralegal, 271 Cadman Plaza East, 7th Floor, Brooklyn, New York 11201.

Dated: Brooklyn, New York
      May 23, 2012

s/DLI

HONORABLE JUDGE DORA L. IRIZARRY
UNITED STATES DISTRICT JUDGE

*U.S. v. Jason Tuite; 11-CR-0394 (DLI); Preliminary Order of Forfeiture*